IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MARCO ANTONIO CRUZ CASTANEDA,

      Petitioner,

v.                             Case No. 1:19-cv-00527

DAVID RICH, Acting Warden,

      Respondent.

PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, Marco Antonio Cruz Castaneda ("Castaneda"), and Respondent's Response to the Petition in which Respondent seeks dismissal of the proceedings. (ECF Nos. 1, 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **TRANSFER** Castaneda's Motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C.A. § 2255(h), and **DISMISS** this action from the docket of the Court.

## I.    Factual and Procedural History

On July 28, 2016, a federal grand jury sitting in the Eastern District of Kentucky returned an indictment, charging Castaneda with illegally reentering the country as a

deported alien subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2) ("Count One"); possessing a firearm while being unlawfully in the United States in violation of 18 U.S.C. § 922(g)(5) ("Count Two"); and unlawfully possessing a handgun from which the manufacturer's serial number had been removed in violation of  18 U.S.C. § 922(k) ("Count Three"). *United States v. Castaneda*, Case No. 5:16-cr-00065-JMH (E.D. Ky. 2016 July. 28, 2016) at ECF No. 1.

On October 3, 2016, Castaneda entered a plea of guilty in the United States District Court for the Eastern District of Kentucky (the "Sentencing Court"). *Id.* at ECF Nos. 15, 31. Castaneda did so pursuant to a written agreement with the United States whereby Castaneda agreed to plead guilty to Counts One and Two of the indictment in exchange for the United States' promise to dismiss Count Three. *Id.* at ECF No. 15 at 1. In the agreement, Castaneda admitted that he was a native citizen of Mexico and had been previously deported or removed from the United States on February 5, 2007, January 22, 2009, and February 18, 2010. *Id.* at 2. He also conceded that he had a prior conviction in California for Burglary in the Second Degree. *Id.*

In addition, Castaneda admitted that on May 27, 2016, he "was found to be voluntarily back in the United States as he was arrested for Kidnapping, Robbery First Degree, Possession of a Defaced Firearm, and other various offenses in Lexington in Fayette County, Kentucky, in the Eastern District of Kentucky." *Id.* Castaneda agreed that he had not obtained the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reenter the United States. Castaneda stated that at the time of his arrest he was in possession of two firearms, a "Ruger P90 .45 caliber handgun and a Highpoint C9 9 mm handgun," which had crossed state lines prior to his possession. *Id.* Castaneda acknowledged that the statutory penalty

for Count One was a maximum of 20 years in prison, while Count Two permitted up to 10 years in prison. *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF No. 15 at 2-3. Castaneda additionally agreed to waive his right to collaterally attack the guilty plea, conviction, and sentence, with the exception of claims of ineffective assistance of counsel. *Id.* at 5.

At the plea hearing before the Sentencing Court, Castaneda asserted that he understood the provisions of his plea agreement and was willing to waive his right to proceed to trial. *Id.* at ECF No. 31 at 6-16. Castaneda affirmed that the facts outlined in his plea agreement were true. *Id.* at 17-18. Castaneda then entered his guilty plea and the Sentencing Court accepted it, finding that Castaneda was "fully competent and capable of entering an informed plea" and that he was "aware of the nature of the charges and the consequences of the plea and that the plea of guilty is a knowing and voluntary plea supported by an independent basis containing each of the essential elements of the offenses." *Id.* at 19.

Castaneda's sentencing hearing was held on March 20, 2017. *Id.* at ECF No. 30. At the hearing, Castaneda's counsel informed the Sentencing Court that the United States and Castaneda had negotiated a "universal agreement" with respect to Castaneda's state and federal criminal charges. *Id.* at 6-7. The United States further clarified that the prosecutor overseeing Castaneda's state criminal case had agreed to dismiss a kidnapping charge against Castaneda in state court, with the understanding that the kidnapping conduct would act as an enhancement for federal sentencing, and that Castaneda would agree to refrain from seeking a sentence below 120 months imprisonment. *Id.* at 9-10.

The Sentencing Court expressed concern about the kidnapping, which led to Castaneda's arrest and federal criminal charges, indicating that Castaneda's conduct was extremely disturbing in that he abducted a young woman, cut off her hair and threatened her with a firearm. *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF No. 30 at 8-9. The Sentencing Court noted that Castaneda had not entered into a "(c)(1)(C)" plea agreement with the United States and that, consequently, the Sentencing Court was not bound to accept any agreement between the United States and Castaneda. *Id.* at 10. The Sentencing Court determined that a sentence of 138 months in prison on Count One, and 120 months imprisonment on Count Two, set to run concurrently, was "sufficient but not greater than necessary to comply with the purposes of 18 U.S.C., Section 3553(a)." *Id.* at 10-11.

On March 27, 2018, Castaneda submitted a Motion to Vacate under 28 U.S.C. § 2255. *Id.* at ECF No. 32. In the motion, Castaneda asserted that he had expected to receive a sentence of 120 months imprisonment pursuant to the plea agreement he entered, and contended that his counsel had provided ineffective assistance by failing to secure a binding plea deal under Federal Rule of Criminal Procedure 11(c)(1)(C). *Id.* at 9, 11. Castaneda additionally argued that his counsel had operated under a conflict of interest; had failed to timely move for dismissal of the indictment; failed to move for the suppression of material evidence; failed to investigate relevant evidence; and failed to object to the admission of unlawful evidence. *Id.* at 12-13. Finally, Castaneda asserted that his convictions and sentence violated numerous provisions of the United States Constitution. *Id.* at 7.

On May 29, 2018, a United States Magistrate Judge submitted a recommendation, proposing that the Sentencing Court dismiss Castaneda's § 2255

petition. *Castaneda*, Case No. 5:16-cr-00065-JMH. at ECF No. 42. On October 11, 2018, the Sentencing Court, over Castaneda's objections, adopted the recommendation of the United States Magistrate Judge, and dismissed Castaneda's § 2255 petition. *Id.* at ECF No. 45. In doing so, the Sentencing Court determined that Castaneda's claim his attorney provided ineffective assistance of counsel in failing to secure a binding plea agreement lacked merit because Castaneda had failed to demonstrate that the Government was in fact willing to enter into a binding plea agreement under Rule 11(c)(1)(C). *Id.* at 5. To the contrary, the prosecutor in Castaneda's case had directly informed the Sentencing Court that the United States would not have agreed to enter into the binding plea agreement that Castaneda faulted his attorney for failing to produce. *Id.*

The Sentencing Court also dismissed Castaneda's additional claims of ineffective assistance of counsel, finding that Castaneda had employed a "blunderbuss approach" and had not provided sufficient details regarding his remaining claims of ineffective assistance, "leaving the Court unable to meaningfully analyze the factless claims." *Id.* at 9-10. As to Castaneda's numerous claims alleging violations of his constitutional rights, the Sentencing Court determined that Castaneda had, in his plea agreement, voluntarily waived his right to bring these claims. *Id.* at 12. Accordingly, the Sentencing Court dismissed Castaneda's § 2255 petition and declined to issue a certificate of appealability. *Id.* at 14.

On July 17, 2019, Castaneda submitted the instant § 2241 petition, asserting that in light of the Supreme Court of the United States ("Supreme Court") decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he was entitled to have his convictions vacated. (ECF No. 1 at 3). Castaneda

believes that *Dimaya* reveals his prior state conviction for second-degree burglary no longer qualifies as an "aggravated felony" as necessary to sustain his conviction under 8 U.S.C. § 1326(a). (*Id.* at 7-8). Castaneda additionally argues that, pursuant to *Rehaif*, his conviction under 18 U.S.C. § 922(g) should be vacated, because he was not aware of his status as a felon. (*Id.* at 9).

On September 25, 2019, Respondent entered a Response in opposition to Castaneda's § 2241 petition, arguing that the petition should be either dismissed or transferred. (ECF No. 7 at 1). Respondent contends that, as Castaneda challenges the imposition of his sentence rather than its execution, he has filed a mislabeled motion under § 2255. (*Id.* at 4). Respondent additionally contends, although without explaining why he believes this is so, that Castaneda's petition may not be brought under the savings clause and should be dismissed or transferred to the Sentencing Court. (*Id.* at 4-5).[1]

On November 1, 2019, Castaneda submitted a Response to Respondent's request that his petition be dismissed, asking that his petition be granted, or, in the alternative, that it be transferred to the Sentencing Court. (ECF No. 9 at 1). Castaneda argues that he is entitled to proceed under the savings clause because his petition would be time-barred under the rules governing § 2255 petitions given that he failed to submit his petition within one year after the decision in *Dimaya*. (*Id.* at 2). Additionally, Castaneda notes that successive § 2255 petitions must be based on new rules of constitutional law, and his cases involves an immigration proceeding which is civil in nature. (*Id.*).

---

[1] In addition to not specifically addressing why Respondent believes Castaneda's petition may not utilize the savings clause, Respondent references exhibits which do not appear in the record. (ECF No. 7 at 1).

## II.    **Standard of Review**

Respondent requests that Castaneda's § 2241 petition be dismissed. (ECF No. 7 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting

7

it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.   <u>Discussion</u>

### A. Castaneda's ability to use the savings clause

Castaneda argues that his convictions and sentence are invalid in light of recent Supreme Court decisions. (ECF No. 1 at 3). Castaneda is clearly challenging the legality, rather than the execution, of his sentence and conviction. Accordingly, Castaneda's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a narrow "savings clause" exception, which serves as a means by which a petitioner may challenge a conviction or sentence through a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d

at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit ") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id*. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72,

2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

### 1. Governing law

Castaneda was convicted in the Eastern District of Kentucky, which sits within the appellate region of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). As he is incarcerated within the jurisdiction of the Southern District of West Virginia, however, Castaneda properly filed the instant § 2241 petition in this Court. "In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal inmate's § 2241 petition, courts in this circuit apply the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit.

While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition.

*Hahn*, 931 F.3d at 301. Accordingly, the undersigned will consider Castaneda's § 2241 petition under the substantive law of the Sixth Circuit, while applying the procedural law of the Fourth Circuit.

**2. Castaneda is not entitled to use the savings clause.**

Castaneda is attempting to challenge the validity of both his convictions and sentence. Therefore, he must meet the savings clause requirements outlined in *Jones* and *Wheeler*. *Jones*, 226 F.3d at 333-34; *Wheeler*, 886 F.3d at 429. *Jones* mandates that an inmate attempting to challenge the validity of his conviction via the savings clause must show that the settled law establishing the legality of his sentence has changed and been deemed to apply retroactively on collateral review, and that the new rule is not one of constitutional law, rendering the remedy under § 2255 ineffective. *Id. Wheeler* likewise requires that Castaneda show "§ 2255 is inadequate and ineffective to test the legality" of his sentence. *Wheeler*, 886 F.3d at 429.

*i.) Claim based on Sessions*

In *Sessions v. Dimaya*, the Supreme Court held that the residual clause contained in 18 U.S.C. § 16(b), and utilized by The Immigration and Nationality Act, ("INA"), was unconstitutionally vague. 138 S. Ct. at 1223. The INA "renders deportable any alien convicted of an aggravated felony after entering the United States." *Id.* at 1210. The statute "defines aggravated felony by listing numerous offenses and types of offenses, often with cross-references to federal criminal statutes." *Id.* at 1211. At issue in *Dimaya,* was the INA's inclusion of "a crime of violence" as an aggravated felony. The INA provided that a "crime of violence," as defined by 18 U.S.C. § 16, qualified as an aggravated felony. *Id.* (citing § 1101(a)(43)(F)). Section 16 of Title 18 defines crime of violence in two parts, also known as the force and residual clauses, as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The Supreme Court in *Dimaya* determined that the logic of its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), where it held that the residual clause contained in § 924(e)(2)(B) of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, dictated the same result when considering the residual clause of § 16(b) as the two clauses were virtually identical. *See* 138 S. Ct. at 1223. Accordingly, the *Dimaya* Court concluded that as the residual clause of § 16(b), "combin[ed] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony," it was unconstitutionally vague in violation of the due process clause of the United States Constitution. *Id.* at 1214.

Castaneda was convicted under 8 U.S.C. § 1326 of the INA which prohibits the unauthorized reentry of an alien who has been previously deported from the United States. Section 1326 generally imposes a sentence of up to two years for those who have illegally reentered the country after previously being removed. *See* 8 U.S.C. § 1326(a). However, the sentence can be increased based on the prior criminal history of the alien subject to removal. Subsection (b)(1) imposes a sentence of up to 10 years imprisonment for an alien "whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)." 8 U.S.C. § 1326(b)(1). Subsection (b)(2) imposes a maximum sentence of 20 years for an alien "whose removal was subsequent to a

conviction for commission of an aggravated felony." 8 U.S.C. § 1326 (b)(2). The INA, as noted, defines an "aggravated felony" as consisting of numerous defined offenses as well as any "crime of violence" as defined by Section 16 of Title 18. U.S.C.§ 1101(a)(43)(F). Castaneda was convicted under Subsection (b)(2) based on his prior aggravated felony of second-degree burglary in California, and thus faced a potential sentence of up to 20 years in prison on that count. *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF No. 15 at 1-2. Castaneda now argues that the second-degree burglary conviction no longer qualifies as a prior aggravated felony in light of the decision in *Dimaya*. (ECF No. 1 at 6-7).

Regardless of the merit of this argument, Castaneda is not able to pursue his claim in this Court, because he cannot satisfy the requirements of *Jones* or *Wheeler*. Castaneda argues that *Dimaya* created a new rule of retroactive constitutional law; as such, the gatekeeping provision of § 2255(h)(2) allows him to raise this challenge in a § 2255 motion. In order to file a second or successive § 2255 motion, a petitioner must identify "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). While the Fourth Circuit has recognized that § 2255 may be an inadequate remedy where a petitioner seeks to vindicate a claim that his conviction or sentence is invalid based on a new rule of *statutory* law, § 2255 remains an adequate remedy where a petitioner seeks to raise a claim based on a new rule of constitutional law.

*Dimaya* held that the "residual clause" of 18 U.S.C. § 16(b) violated the constitution's guarantee of due process. *See* 138 S. Ct. at 1212-13. Overturning a statute as inconsistent with the constitution is the paradigmatic example of a new rule of constitutional law. *See e.g. McKoy v. Wilson*, No. 1:15-CV-622-GBL-MSN, 2016 WL

8732518, at *9 (E.D. Va. Apr. 1, 2016) (holding *Johnson* announced a new rule of constitutional law). "*Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding." *Sellner, v. Barnes*, No. 18-CV-1423 (MJD/TNL), 2018 WL 6332706, at *2 (D. Minn. Oct. 4, 2018), *report and recommendation adopted*, No. CV 18-1423 (MJD/TNL), 2018 WL 6332506 (D. Minn. Dec. 4, 2018). This Court has previously recognized that Section 2255 provides an adequate avenue to raise a claim based on the decision in *Dimaya*, meaning that a petitioner may not utilize the savings clause to bring such a claim under § 2241. *See Barnett v. Quintana*, No. 5:18-CV-00279, 2018 WL 7078579, at *16 (S.D.W. Va. Dec. 18, 2018), *report and recommendation adopted*, No. 5:18-CV-00279, 2019 WL 267731 (S.D.W. Va. Jan. 18, 2019), *appeal dismissed*, 770 F. App'x 94 (4th Cir. 2019) ("Accordingly, Petitioner may make an argument that the rule announced in *Dimaya* is applicable to his conviction under § 2255(h)(2). In other words, § 2255 is not inadequate or ineffective to test the legality of Petitioner's sentence as required by the savings clause."); *see also Hoffman v. Breckon*, No. 7:18-CV-00265, 2020 WL 929589, at *5 (W.D. Va. Feb. 26, 2020) (finding that petitioner could not bring claim relying on *Dimaya,* among other cases, in 2241 petition as *Dimaya* announced a rule of constitutional, not statutory law); *Ponder v. United States*, 800 F. App'x 181, 184 (4th Cir. 2020) (same) (*per curiam*).

Castaneda identifies two reasons why § 2255 is an inadequate remedy with respect to this claim. First, Castaneda notes that the *Dimaya* decision was announced in April 2018, and Castaneda "missed the statutory deadline" to file a timely petition under

§ 2255. (ECF No. 9 at 2). Second, Castaneda believes that a Section 2255 petition would provide a deficient mechanism to raise a claim based on *Dimaya,* as the decision relates to immigration proceedings, which are civil in nature, and therefore *Dimaya* is not a decision of constitutional law as required under § 2255(h)(2). Neither argument is persuasive.

As previously indicated, § 2255 is not inadequate as a remedy "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5. Accordingly, the fact that Castaneda may have missed the deadline to file his claim under § 2255 would not render that mechanism ineffective. *See Conklin v. Craig*, No. CIV.A. 5:07-CV-00373, 2007 WL 4561162, at *3 (S.D.W. Va. Dec. 20, 2007) (claim that § 2255 was an inadequate remedy "based solely upon the fact that such a motion would now be untimely" did not allow the petitioner to utilize the savings clause); *see also Raymer v. United States*, No. 5:16-CR-48-KDB-DSC-2, 2020 WL 1660099, at *2 (W.D.N.C. Apr. 3, 2020) (same). Similarly, Castaneda's claim that § 2255 is an ineffective remedy because *Dimaya* deals with immigration law, rather than constitutional law, is unavailing. As previously noted, this Court and others have determined that *Dimaya* identified a new rule of constitutional law, which must be raised in a § 2255 petition. *See Barnett*, No. 5:18-CV-00279, 2018 WL 7078579, at *16; *see also Chapman v. United States*, 326 F. Supp. 3d 228, 240 (E.D. Va. 2018) (collecting cases where the petitioner was permitted to raise a claim based on *Dimaya* via § 2255). The fact that the statute under which Castaneda was convicted and sentenced relates to violations of immigration law does not change this analysis.

Accordingly, Castaneda may not utilize the savings clause to attack his conviction and sentence via a § 2241 petition as § 2255 is not inadequate or ineffective to test the

15

legality of Castaneda's imprisonment as required by the savings clause. Therefore, the undersigned **FINDS** that, this claim does not meet the requirements of the savings clause and thus may not be raised in a § 2241 petition.

*i.) Claim based on Rehaif*

Castaneda additionally argues that his conviction under § 922(g) should be vacated in light of the Supreme Court decision in *Rehaif*, as Castaneda was unaware of his status as a felon. (ECF No. 1 at 9). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g)—which prohibits certain individuals from owning firearms— the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm, and that he had obtained the relevant status which made his possession of the firearm illegal. *See*  139 S. Ct. 2191, at 2194. The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. In so holding, the *Rehaif* Court rejected the argument presented by the United States that the defendant's immigration status was a question of law, not fact, and thus subject "to the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Id.* at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

Courts in both this Circuit and the Sixth Circuit have concluded that *Rehaif* does not apply retroactively on collateral review. *See, e.g., Sadler v. United States*, No. 3:19-cv-00655-FDW, 2019 WL 6833894, at *2 (W.D.N.C. Dec. 13, 2019) (holding that *Rehaif* merely clarified the requirements of 18 U.S.C. § 922(g) and was not made retroactive on collateral review); *see also Pierce v. United States*, No. 4:17-CR-00256-RBH-1, 2020

WL 774404, at *4 (D.S.C. Feb. 18, 2020) ("Moreover, the Supreme Court has not made *Rehaif* retroactive to cases on collateral review."); *Williams v. United States*, 3:19-cr-00550-MOC, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) (holding that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)" and was not made retroactive by the Supreme Court); *Marcellas Hoffman, Petitioner v. Warden Breckon, Respondent*, No. 7:18-CV-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) ("[T]he Supreme Court did not indicate that *Rehaif* was retroactively applicable to cases on collateral review."); *Bobbitt v. Entzel*, No. 5:19-CV-30, 2020 WL 2214175, at *6 (N.D.W. Va. May 7, 2020) ("However, even if *Rehaif* were applicable .... to date, *Rehaif* has not been held to be retroactive on collateral review.); *United States v. May*, No. 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), *report and recommendation adopted*, No. 3:16-CR-127, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Because *Rehaif* does not apply retroactively to cases like this one on collateral review, it does not provide a basis for relief."); *United States v. Conley*, No. 5:10 CR 00490, 2020 WL 2933560, at *1 (N.D. Ohio June 3, 2020) ("Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review.") (collecting cases). Accordingly, Castaneda is unable to meet the requirements of the savings clause and may not bring this claim in a § 2241 petition.

Even if this claim could be raised in a § 2241 petition, it would be unsuccessful. Castaneda asserts that he is entitled to relief under the rule announced in *Rehaif* because he was unfamiliar with the laws of the United States and was unaware of his status as a felon who was not permitted to possess firearms. (ECF No. 1 at 9). As Castaneda was convicted in the Eastern District of Kentucky, the substantive law of the

Sixth Circuit applies to his claim. In the Sixth Circuit, a claim of error made under *Rehaif* is subject to plain error review. *See United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).[2] As such, to succeed on this claim, Castaneda would have to demonstrate "'a reasonable probability that, but for the [alleged failure to inform him of the knowledge-of-status element], he would not have entered the plea.'" *Hobbs*, 953 F.3d at 857 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)) (alteration in original). This Castaneda is unable to do.

Castaneda asserts that *Rehaif* would allow him to vacate his conviction because he was unaware of his status as a felon. However, Castaneda was convicted under 18 U.S.C. § 922(g)(5), which prohibits possession of a firearm by one who is illegally in the United States, not under § 922(g)(1), which forbids felons from possessing a firearm. *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF Nos. 1 at 2, 15 at 1. Accordingly, the illegality of Castaneda's possession of a firearm hinged not on his status as a felon, but on his status as an alien illegally present in the United States, and his assertion he was unaware of his status as a felon is irrelevant. Under Sixth Circuit law, the United States was required to prove only that Castaneda was aware of his status as an alien illegally present in the United States, not that he was specifically aware he was prohibited from possessing a firearm due to his status as an alien unlawfully present in the United States. *See Bowens,* 938 F.3d at 797-78.

Moreover, to the extent Castaneda claims that he was unaware of his status as an alien illegally present in the United States, Castaneda is not entitled to relief. Castaneda

---

[2] The Fourth Circuit stands alone in holding that the failure to inform a defendant of the knowledge of status element necessary for a conviction under § 922(g) is a structural error not amenable to plain error review. *See United States v. Gary,* 954 F.3d 194, 198 (4th Cir. 2020); *see also United States v. Trujillo*, No. 19-2057, 2020 WL 2745526, at *5 n.2 (10th Cir. May 27, 2020); (discussing approach of other circuits); *United States v. Lavalais*, 960 F.3d 180 (5th Cir. 2020) (discussing Fourth Circuit decision).

admitted both in his plea agreement and in open court during his plea hearing, that he was a native citizen of Mexico who had previously been deported from the United States on three separate occasions, and that he reentered the United States without obtaining permission from the relevant government agencies. *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF Nos. 15 at 2, 31 at 17-18. Under these circumstances, there is no reasonable probability that Castaneda would have changed his decision to enter into a plea agreement had he been informed that the United States was required to prove Castaneda knew he was in the United States illegally in order to obtain a conviction under § 922(g)(5). "It would have been exceedingly easy for the government to prove at trial" that Castaneda was aware he was not permitted in the United States when he possessed the firearms in question, as he had previously been deported three times for the same offense. *Hobbs*, 953 F.3d at 858. Courts in the Sixth Circuit have repeatedly refused to disturb convictions under § 922(g) in similar circumstances. *See id.* at 857-58; *see also United States v. Collins*, No. CR 5:18-172-DCR, 2020 WL 3100019, at *4 (E.D. Ky. June 11, 2020); *United States v. Sargent*, No. 4:15-CR-20767, 2020 WL 2085088, at *3 (E.D. Mich. Apr. 30, 2020).

Accordingly, as under the applicable law of the Sixth Circuit, Castaneda would not be entitled to relief based on his claim that he was unaware of his status as a felon, the undersigned **FINDS** that, even assuming he were able to bring this claim in a § 2241 petition, it lacks merit and should be dismissed.

### B. Transfer or dismissal of the petition.

Inasmuch as Castaneda's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Castaneda's

action, then he will be required to pursue his claim in the United States District Court for the Eastern District of Kentucky. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Castaneda's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Castaneda's apparent lack of authorization from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory

transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 Fed.Appx. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-

20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). However, as noted above, while the substantive law of the Sixth Circuit applies to the merits of Castaneda's claims, this Court continues to be governed by Fourth Circuit procedural law.

Castaneda's claim that his prior conviction for second-degree burglary was improperly considered an aggravated felony for the purposes of 8 U.S.C. § 1326(b)(2) is not plainly frivolous based on the record before this Court. Due to the determination that Castaneda's prior conviction for second-degree burglary constituted an aggravated felony, Castaneda received an enhancement which increased his maximum sentence from 10 years to 20 years. *See* 8 U.S.C. § 1326(b)(2). Castaneda was then sentenced to 138 months in prison on this count, 18 months over what would have been permissible absent the enhancement under Subsection (b)(2). *Castaneda*, Case No. 5:16-cr-00065-JMH at ECF No. 25. After Castaneda's sentence was imposed, the Supreme Court issued its decision in *Dimaya*, holding that a prior conviction may not qualify as an "aggravated felony" under the INA based on a determination that the prior conviction was a "crime of violence" as defined in the residual clause of 18 U.S.C. § 16. *See* 138 S. Ct. at 1211-13. It is not apparent from the record whether Castaneda's conviction was considered an aggravated felony based on the, now defunct, residual clause of § 16, or based on a determination that it qualified under a different category identified under 8 U.S.C. § 1101(a)(43).

Respondent provides no argument regarding this issue, and simply makes the conclusory statement that the petition should be dismissed or transferred. (ECF No. 7 at 5). If the Sentencing Court determined that Castaneda's prior conviction qualified as an aggravated felony under the now unconstitutional residual clause of Section 16, Castaneda could present a non-frivolous argument that his sentence was impermissibly

22

enhanced. *See e.g. Ponder v. United States*, 800 F. App'x 181, 184 (4th Cir. 2020).[3] Given that the record does not reveal under what category provided by the INA the Sentencing Court determined that Castaneda's prior conviction qualified as an aggravated felony, the undersigned concludes that Castaneda has presented a claim that is not plainly frivolous. As this Court does not resolve the merits of the petition at the gatekeeping stage, and merely decides whether the petition warrants transfer under 28 U.S.C. § 1631, it would not be appropriate to dismiss the petition as utterly frivolous.[4] Therefore, the undersigned **FINDS** that the interest of justice requires Castaneda be given an opportunity to present his claim to the United States Court of Appeals for the Sixth Circuit.

## IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **TRANSFER** Castaneda's Motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C.A. § 2255(h), and **DISMISS** this action from the docket of the Court.

---

[3] As previously noted, if construed as a § 2255 petition, Castaneda's petition may run afoul of the one-year period of limitations which applies to such actions. *Dimaya* was issued on April 17, 2018, meaning, assuming that the decision restarted the statutory period of limitations under 18 U.S.C. § 2255(f)(3), Castaneda was required to submit a § 2255 petition by April 18, 2019. The instant petition was not received until July 17, 2019. (ECF No. 1). However, the issue of timeliness, and any potential excuse for the lack thereof, was not briefed in the instant proceeding, and neither party raised an argument related to this issue. Accordingly, it would be premature to dismiss the petition as untimely, given the lack of argument on this issue. *See Clyburn v. Berkebile*, No. CIV.A. 5:09-0155, 2011 WL 3924240, at *2 n.4 (S.D.W. Va. Sept. 7, 2011) (declining to address timeliness issue after determining that § 2241 petition should be construed as § 2255 petition and transferred to sentencing court).

[4] The undersigned also notes that while its decision is governed by Fourth Circuit law which asks a transferring court to briefly consider the merits of a potential claim, the fact that Castaneda's motion will be sent to the Sixth Circuit which employs a blanket policy requiring its district courts to transfer all successive § 2255 motions to the court of appeals, regardless of the merits, provides additional counsel against dismissing the claim outright. *See United States v. Gastelum-Lara*, 478 Fed.Appx. 303, 305 (6th Cir. 2012).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** July 1, 2020

Cheryl A. Eifert
United States Magistrate Judge