```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**MARCO ANTONIO CRUZ CASTANEDA,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 1:19-00527**

**DAVID RICH, Acting Warden,**

    **Defendant.**


<u>**MEMORANDUM OPINION AND ORDER**</u>

    Pending before the court is Castaneda's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1).  By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on July 1, 2020, in which she recommended that the court transfer Castaneda's Motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2255(h), and dismiss this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a

de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **TRANSFERS** Castaneda's Motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 2255(h), **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 16th day of February, 2022.

                            ENTER:

                            David A. Faber
                            Senior United States District Judge